IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA TRACY,<br><br>    Plaintiff,<br><br>  v.<br><br>BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, DENNIS DENNO and REMA VASSAR, current members of the BOARD OF TRUSTEES of Michigan State University, in their personal and official capacity, jointly and severally,<br><br>    Defendants. | Case No. 1:25-cv-00614<br><br>Hon. Paul L. Maloney,<br>U.S. District Judge<br><br>Hon. Maarten Vermaat,<br>U.S. Magistrate Judge |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
<u>PLAINTIFF'S AMENDED COMPLAINTS</u>**

The federal courts have the "inherent authority" to "strike" filings that violate court deadlines or rules. *Mich. Dep't of Env't v. Mueller*, 2023 WL 7162161, at *1 (W.D. Mich. Jan. 24, 2023) (Maloney, J.). This authority should be exercised here. After Defendants moved to dismiss Plaintiff Brenda Tracy's 7-count Complaint, this Court "afford[ed]" her an "opportunity to cure" the identified deficiencies and "leave to file an amended complaint" by September 19, 2025. ECF No. 10, PageID.120–21. On September 20, Plaintiff belatedly filed a 24-count Amended Complaint—without leave. ECF No. 11. The September 20 Amended Complaint fails to cure the old deficiencies and even introduces new ones, everything from baseless retaliation claims that rely on a label that was never uttered and a false conflict of interest section that has been "misused as a technique of harassment." MRPC 1.7 cmt. On September 23, 25, and 26, Plaintiff added to the disarray by filing a "replacement entry" Amended Complaint and "Exhibits"—again without leave. ECF Nos. 13–15.

In twice flouting the Court's Order, Plaintiff has left Defendants in a pickle: It is not even clear which pleading, if any, requires a response. Because Plaintiff did not establish good cause or excusable neglect for missing this Court's deadline, the September 20 and 23 Amended Complaints should be stricken. Alternatively, Plaintiff's "retaliatory litigation" allegations and counts in the September 20 Amended Complaint should be stricken for violating Rule 15(d) and her September 23 Amended Complaint should be stricken in its entirety for violating Rule 15(a)(2).

## I.     Plaintiff's Amended Complaints Violate Rule 6(b) and This Court's Order.

On September 3, 2025, this Court entered an Order that "afford[ed] Plaintiff the opportunity . . . to file an amended complaint," which the Court instructed "must" be filed "within twenty-one days after Defendants filed the motion to dismiss," *i.e.*, by September 19, 2025. ECF No. 10, PageID.120–21. If an extension was necessary, Plaintiff was obligated to move for an extension "before" the deadline "expire[d]." Fed. R. Civ. P. 6(b)(1)(A). And because she did not, Plaintiff needed to establish both "good cause" and "excusable neglect." *Id.* ("good cause" "before the original time or its extension expires"); Fed. R. Civ. P. 6(b)(1)(B) (both "good cause" and "excusable neglect" "after the time has expired"). Plaintiff failed to do so.

Instead, she filed two untimely Amended Complaints and thereafter, several "Exhibits" without providing any explanation for her delay. ECF Nos. 11, 13, 14, 15. In doing so, Plaintiff has injected complete confusion as to which pleading is operative. And Defendants cannot reasonably be required to respond seriatim to unauthorized, moving-target pleadings. Accordingly, this Court should exercise its "inherent authority to manage its docket" and strike both the "untimely" September 20 Amended Complaint and the September 23 Amended Complaint. *Mueller*, 2023 WL 7162161, at *1. Plaintiff should then be required to file a motion for leave to file out-of-time one amended complaint that complies with Rule 6(b) and the Court's Order, along with the proposed pleading.  W.D. Mich. LCivR 5.7(f).

## II. Plaintiff's Amended Complaints Also Violate Rules 15(a)(2) and 15(d).

Even if the Court does not strike one or both of the Amended Complaints on timeliness grounds, Plaintiff's Amended Complaints should be stricken in whole or in part on other procedural grounds. *See Mueller*, 2023 WL 7162161, at *1.

*First*, certain allegations and claims in Plaintiff's September 20 Amended Complaint should be stricken for violating Rule 15(d). Rule 15(d) governs "a supplemental pleading," which must "set[] out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added); *see Eid v. Ala. Airlines, Inc.*, 621 F.3d 858, 874–75 (9th Cir. 2010). "[S]erv[ing] a supplemental pleading," *id.*, "always require[s] leave of the court." *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006). A failure to seek leave is fatal to the pleading itself. *See, e.g.*, *White v. Newcomb*, 2022 WL 2763305, at *3 (W.D. Mich. July 15, 2022) (disregarding "supplemental pleading" because the plaintiff never "properly sought leave . . . as required by Rule 15(d)"). Local Rule 5.7(f) further requires a movant to attach the "proposed" pleading, if it requires "leave of court." W.D. Mich. LCivR 5.7(f).

Here, the Court granted "leave to amend" under "Rule 15(a)(1)(B)"—not Rule 15(d). ECF No. 10, PageID.120–21. Far from taking the "opportunity" to "cure" the identified deficiencies, *id.*, Plaintiff introduced a host of new ones. Indeed, 11 of the 24 counts in Plaintiff's September 20 Amended Complaint are centered on a new

allegation that Defendants engaged in "retaliatory litigation conduct" and "publicly disparaged" her by "labeling her an 'opportunist' in [their] Motion to Dismiss[]"—**despite that word or concept not appearing anywhere in Defendants' Motion to Dismiss**.[1]  These claims (and others) suffer obvious and fatal factual and legal deficiencies.  *See, e.g.*, ECF No. 8 (*not* "labeling" Plaintiff an "opportunist" or anything of the sort); *Rockwell Med., Inc. v. Yocum*, 76 F. Supp. 3d 636, 646 (E.D. Mich. 2014) (explaining in any event that all "statements made by . . . attorneys [] during the course of judicial proceedings are absolutely privileged.").

Even setting those deficiencies aside for now, they clearly arose "after" this action was filed.  Fed. R. Civ. P. 15(d).  But this Court did not—and could not, without a motion and a proposed pleading—grant leave to file a supplemental complaint. *See Hall*, 437 F.3d at 100; W.D. Mich. LCivR 5.7(f). At minimum, then, the "retaliatory litigation conduct" allegations and claims in Plaintiff's September 20 Amended Complaint should be stricken. *See Mueller*, 2023 WL 7162161, at *1.

*Second*, Plaintiff's replacement September 23 Amended Complaint should be stricken for violating Rule 15(a)(2) as well. An "amended pleading" may be filed

---

[1] *See generally* ECF No. 8; *see also* ECF No. 11, ¶ 53, PageID.127; *see id.* ¶ 101, PageID.130 (Count II: Title IX Retaliation); *id.* ¶ 107, PageID.131 (Count III: First Amendment Retaliation), *id.* ¶ 113, PageID.132 (Count IV: First Amendment Denial of Access to Courts); *id.* ¶ 131, PageID.133 (Count VIII: Fourteenth Amendment Stigma-Plus Due Process); *id.* ¶ 137, PageID.134 (Count IX: Fourteenth Amendment Informational Privacy); *id.* ¶ 151, PageID.135 (Count XIII: Ratification); *id.* ¶ 155, PageID.136 (Count XIV: Civil Conspiracy); *id.* ¶ 158, PageID.136 (Count XV: Defamation); *id.* ¶ 162, PageID.136 (Count XVI: False Light); *id.* ¶ 166, PageID.137 (Count XVII: Public Disclosure of Private Facts); *id.* ¶ 174, PageID.137 (Count XIX: Tortious Interference with Prospective Advantage).

"once as a matter of course" and otherwise "only" with "written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2); *see* ECF No. 10, PageID.120 (citing Rule 15(a)). Plaintiff obtained neither. Thus, Plaintiff's September 23 Amended Complaint should be stricken because she did not seek leave to amend, attach a proposed pleading, or otherwise obtain Defendants' consent before filing. Fed. R. Civ. P. 15(a)(2); W.D. Mich. LCivR 5.7(f); *Mueller*, 2023 WL 7162161, at *1; *see also Nicholson v. City of Westlake*, 20 F. App'x 400, 403 (6th Cir. 2001) (affirming order striking an amended complaint for noncompliance with Fed. R. Civ. P. 15(a)).

For the foregoing reasons, this Court should strike Plaintiff's September 20 and September 23 Amended Complaints.

Dated: October 2, 2025                                  Respectfully submitted,

/s/ *Terri L. Chase*
Terri L. Chase
JONES DAY
Brickell World Plaza
600 Brickell Ave, Suite 3300
Miami, FL 33131
(305) 714-9700
tchase@jonesday.com

Andrew J. Clopton (P80315)
JONES DAY
150 W. Jefferson Ave, Suite 2100
Detroit, MI 48226
(313) 733-3939
aclopton@jonesday.com

*Counsel for Defendants*